UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRCIT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATT HOLT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| CORNERSTONE DEKALB, LLC, | ) | 19-cv-6923 |
| an Illinois Limited Liability Company, | ) | |
| FOTIS PAPPAS, in his Official Capacity | ) | |
| as Executive of Cornerstone DeKalb, LLC | ) | |
| JOHN PAPPAS, in his Official Capacity | ) | |
| as Executive of Cornerstone DeKalb, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

Plaintiff, MATT HOLT, a disabled individual, by and through his attorneys, ANGELINI, ORI + ABATE LAW, and complaining as follows against Defendants, CORNERSTONE DEKALB, LLC, an Illinois Limited Liability Company, FOTIS PAPPAS, in his Official Capacity as Executive of Cornerstone DeKalb, LLC, and JOHN PAPPAS, in his Official Capacity as Executive of Cornerstone DeKalb, LLC, states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). This Court has original jurisdiction over Plaintiff MATT HOLT's Fair Housing Act (42 U.S.C. § 3601 *et seq.* claims against the Defendants, CORNERSTONE DEKALB LLC, FOTIS PAPPAS, and JOHN PAPPAS.

2. These claims arise under 42 U.S.C. § 3601 *et seq.* of the Federal Fair Housing Act, Section 504 of the Rehabilitation Act of 1973, 42 U.S.C. § 1983 based on the Equal Protection

Clause of the Fourteenth Amendment and the Substantive Due Process Clause of the Fourteenth Amendment and 28 U.S.C. § 2201 (Declaratory Judgment).

3. Federal jurisdiction is conferred on this Court under 42 U.S.C. § 3601 et seq., 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 22 U.S.C. § 2201.

4. Additionally, Section 3613 of the Federal Fair Housing Act states, in pertinent part: "(a) An aggrieved person may commence a civil action in an appropriate United States District Court… (c) An aggrieved person may commence a civil action under this subsection whether or not a complaint has been filed under Section 810(a) [at HUD] and without regard to the status of any such complaint [at HUD]…"

5. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), as all Plaintiffs and Defendants reside within the boundaries thereof.

## PARTIES

6. Plaintiff, MATT HOLT ("MATT"), suffers from Schizoaffective Disorder, depression, post-traumatic stress disorder (PTSD), and anxiety. At all times material hereto, MATT required and continues to require the use of a service animal, which was individually trained for that purpose.

7. Defendant, CORNERSTONE DEKALB, LLC ("CORNERSTONE DEKALB"), is an Illinois Limited Liability Company that focuses on commercial and residential development and leasing. Its principle office is located at 3 Fairway Circle, DeKalb, Illinois 60115.

8. Defendant, FOTIS PAPPAS ("FOTIS"), is an employee with Cornerstone DeKalb, LLC. FOTIS was MATT's main point of contact at Cornerstone DeKalb, LLC.

9. Defendant, JOHN PAPPAS ("JOHN"), is the manager of Cornerstone DeKalb, LLC. JOHN is responsible for the implementation of the policies, rules and regulations of Cornerstone DeKalb, LLC and makes executive decisions.

## FACTS

10. At all material times hereto, Plaintiff, MATT HOLT ("MATT"), is and has been disabled within the meaning of 20 C.F.R. § 404.1505, 42 U.S.C. § 3602 and the Rehabilitation Act of 1973.

11. MATT is and has been suffering from Schizoaffective Disorder, depression, post-traumatic stress disorder, and anxiety at all material times hereto.

12. MATT's disability leaves him unable to engage in a number of major life activities and requires the use of a service animal, which was individually trained for that purpose.

13. At all material times hereto, MATT is and has been treating with a certified general practitioner who prescribed the use of a service animal to treat MATT's disabilities.

14. Defendant, CORNERSTONE DEKALB, LLC ("CORNERSTONE DEKALB") owns, operates, maintains, manages, and controls the "high-end apartments" located at 124 East Lincoln Highway, DeKalb, Illinois 60115.

15. Upon information and belief, Defendant, JOHN PAPPAS ("JOHN") is the manager and agent of CORNERSTONE DEKALB.

16. Defendant, FOTIS PAPPAS ("FOTIS"), is JOHN's son.

17. Upon information and belief, FOTIS serves as the property manager of CORNERSTONE DEKALB.

18. Upon information and belief, JOHN's actions and conduct as described herein have been on behalf of himself, and CORNERSTONE DEKALB.

19. Upon information and belief, FOTIS's actions and conduct as described herein have been on behalf of himself, and CORNERSTONE DEKALB.

20. FOTIS was MATT's main contact through CORNERSTONE DEKALB.

21. On or about May 23, 2019, MATT completed a residential real estate application to lease Apartment 313 at 124 East Lincoln Highway, DeKalb, Illinois 60115, which was owned, operated, maintained, managed, and controlled by CORNERSTONE DEKALB.

22. On July 18, 2019, FOTIS communicated with MATT by text message, "I have a spot for you!!! 4th Floor, awesome unit! I'm letting him break his lease because of military orders."

23. FOTIS indicated that he would be sending the lease to MATT as soon as he got to the office on July 18, 2019.

24. FOTIS indicated to MATT that he emailed a lease for him for a third floor unit on July 19, 2019.

25. FOTIS indicated to MATT that MATT could come by and see the apartment and drop off an executed lease to FOTIS'S father, JOHN, on July 20, 2019.

26. MATT entered into a Residential Lease Agreement with CORNERSTONE DEKALB on July 19, 2019. The Residential Lease Agreement is attached hereto and incorporated herein as "Exhibit A".

27. MATT met with JOHN on July 20, 2019, wherein JOHN gave MATT the keys to the third floor apartment and mailbox.

28. JOHN showed MATT where his parking was on July 20, 2019.

29. JOHN told MATT, "You are all good to move in," on July 20, 2019.

30. MATT began moving things in to his new apartment on July 20, 2019.

31. On July 22, 2019, MATT informed FOTIS that MATT has a service dog with the necessary medical documentation, and that he would not be charged for having "a pet".

32. After MATT told FOTIS about his service dog, JOHN spoke with MATT's father, JAY, and told JAY that with proper documentation for his service dog it should be okay.

33. After JOHN told MATT's dad, JAY, that MATT's service dog would be okay with proper documentation, FOTIS called MATT and told him he was a trespasser and had to be "out" of the apartment.

34. On July 22, 2019, FOTIS told MATT, "The dog must be registered as an official ADA service animal with the State of Illinois."

35. MATT provided FOTIS with a letter from Dr. Gaonkar on July 22, 2019. FOTIS responded that MATT would need all of the paperwork, "…[n]ot just that form."

36. MATT informed FOTIS that Dr. Gaonkar is a licensed general practitioner in the State of Illinois.

37. On July 22, 2019, despite being aware of MATT's disability and his need for his service animal as a reasonable accommodation, FOTIS responded, "No animals or dogs are allowed in that building."

38. MATT explained his disability, need for a service dog, and his protections under federal law for his need for a service dog to FOTIS. FOTIS responded to MATT, "You will have to look at other options, you do not have a signed lease."

39. MATT did have a signed lease with CORNERSTONE DEKALB, and responded to FOTIS, "I already signed the lease and turned it in."

40. FOTIS denied that there was a lease between CORNERSTONE DEKALB and MATT.

41. MATT sent FOTIS a copy of the signed lease that MATT previously delivered to JOHN when JOHN gave MATT the keys.

42. FOTIS rejected MATT's requests and accused MATT of trespassing.

43. On July 23, 2019, MATT removed all of his belongings from the apartment and his mother, SHERI HOT, returned his keys to the maintenance man, Sam, after FOTIS accused MATT of trespassing.

44. Since CONERSTONE DEKALB, FOTIS, and JOHN wrongfully denied MATT living in the apartment he leased, MATT has suffered greatly and has been so distressed that he attempted suicide.

45. MATT was hospitalized from September 10, 2019 through September 15, 2019 for suicidal ideations.

46. On September 27, 2019, MATT had to withdraw from Northern Illinois University.

47. MATT is currently being assessed to live in a facility that would help him overcome his Schizoaffective Disorder, PTSD, depression, and anxiety.

## COUNT I: DISABILITY DISCRIMINATION IN HOUSING UNDER THE FEDERAL FAIR HOUSING ACT (FHA) 42 U.S.C. 3604(f)

48. Plaintiff, MATT HOLT, re-states and re-alleges Paragraphs 1 through 47 as if fully set forth herein.

49. MATT is a person with a disability that limits one or more major life activities.

50. MATT requested that the Defendants grant him a reasonable accommodation for the use of a service animal, prescribed by his physician, to assist him with his activities of daily living and afford him an equal opportunity to use and enjoy the apartment that he signed a lease for.

51. When MATT first requested the accommodations, JOHN PAPPAS spoke to MATT'S father, JAY, stated that having his service animal should be fine with documentation.

52. Defendants then denied MATT access to the apartment that he has leased and moved his belongings into.

53. MATT had his mother move his belongings out and hand the keys over to the maintenance man after Defendants accused him of trespassing.

54. MATT provided Defendants with a letter from his doctor documenting his need for a service animal as a reasonable accommodation for his disability.

55. Defendants knew or reasonably should have known that MATT was a person with a disability.

56. Allowing MATT to rent and granting his request for his necessary service dog would neither result in undue financial or administrative burdens for Defendants.

57. Defendants discriminated against MATT in violation of Section 3604 (f)(3)(B) of the Federal Fair Housing Act by refusing to make a necessary and reasonable accommodation to its rules, policies, practices, or services in order to afford MATT an equal opportunity to use and enjoy his apartment.

58. By refusing to provide the reasonable accommodations requested by MATT and denying MATT the ability to use and enjoy his leased apartment, Defendants have discriminated against MATT on the basis of his disability, denied MATT the equal opportunity to use and enjoy his home in a manner similar to a person without a disability, and denied or otherwise made unavailable to him the full use of his home, in violation of the Fair Housing Act, 42 U.S.C. 3604(f)(1).

59. By refusing to provide the reasonable accommodations requested by MATT and denying MATT the ability to use and enjoy his leased apartment, Defendants have discriminated against MATT in the terms, conditions, and privileges of renting of his dwelling and denied MATT the equal opportunity to use and enjoy his home in a manner similar to a person without a disability, in violation of the Fair Housing Act, 42 U.S.C. 3604(f)(2).

60. Defendants' actions will proximately cause immediate and irreparable harm to MATT and has proximately caused emotional, mental, and economic injury to MATT.

## COUNT II: DISABILITY DISCRIMINATION IN HOUSING UNDER THE FEDERAL FAIR HOUSING ACT (FHA) 42 U.S.C. 3617

61. Plaintiff, MATT HOLT, re-states and re-alleges Paragraphs 1 through 60 as if fully set forth herein.

62. By refusing to provide the reasonable accommodations requested by MATT and denying MATT the ability to use and enjoy his leased apartment, Defendants have coerced, intimidated, threatened and interfered with MATT's exercise and enjoyment of the rights granted and protected by 42 U.S.C. 3604(f) of the Fair Housing Act, in violation of the Fair Housing Act, 42 U.S.C. 3617.

## COUNT III: DISABILITY DISCRIMINATION IN HOUSING UNDER THE ILLINOIS HUMAN RIGHTS ACT 775 ILCS 5/3-101 *ET SEQ.*

63. Plaintiff, MATT HOLT, re-states and re-alleges Paragraphs 1 through 62 as if fully set forth herein.

64. By refusing to provide the reasonable accommodations requested by MATT and denying MATT the ability to use and enjoy his leased apartment, Defendants have discriminated against MATT on the basis of his disability and have deprived MATT of the equal

opportunity to use and enjoy his home in a manner similar to a person without a disability, in violation of the Illinois Human Rights Act, 775 ILCS 5/3-101 *et seq*.

## COUNT IV: DISABILITY DISCIMINRATION IN HOUSING UNDER THE CITY OF DEKALB MUNICIPAL CODE SECTION 49.01

65. Plaintiff, MATT HOLT, re-states and re-alleges Paragraphs 1 through 64 as if fully set forth herein.

66. By refusing to provide the reasonable accommodations requested by MATT and denying MATT the ability to use and enjoy his leased apartment, Defendants have discriminated against MATT on the basis of his disability and have deprived MATT of the equal opportunity to use and enjoy his home in a manner similar to a person without a disability, in violation of Section 49.01 of the City of DeKalb Municipal Code.

## COUNT V: INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS

67. Plaintiff, MATT HOLT, re-states and re-alleges Paragraphs 1 through 66 as if fully set forth herein.

68. Defendants harassed and humiliated MATT, imposed an unreasonable restriction on his living, and made him feel unwelcome in the apartment he leased and inferior to the other residents of CORNERSTONE DEKALB.

69. Defendants' actions were extreme and outrageous and were designed and intended to cause MATT extreme emotional distress, or with conscious disregard for the probability of causing him extreme emotional distress.

70. As a direct result of one or more of the foregoing acts of the Defendants, MATT has suffered extreme and severe emotional distress.

71. MATT's extreme and severe emotional distress was actually and proximately caused by the acts of the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, MATT HOLT respectfully requests that this Court enter a judgment as follows:

A. Damages for all of MATT's compensable injuries in an amount to be proven at trial, plus interests and costs;

B. Attorneys' fees and costs;

C. Exemplary and punitive damages in an amount to be proven at trial;

D. Injunctive relief requiring Defendants to provide fair housing training to its management and staff of Cornerstone DeKalb, LLC regarding federal, state, and local nondiscrimination laws, and Court monitoring of the same;

E. Injunctive relief and Court monitoring of all requests for reasonable accommodations for a period to be determined by the Court to prevent Defendants from engaging in similar discriminatory conduct against persons with disabilities in the future; and

F. Such other and further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff, MATT HOLT, demands a trial by jury with respect to any and all issues triable as of right to a jury herein.

Respectfully Submitted,

*/s/ Donald J. Angelini, Jr.*

Donald J. Angelini, Jr.
ANGELINI, ORI + ABATE LAW
155 N. Michigan Ave., Suite 400
Chicago, Illinois 60601
(312)621-0000
dangelini@aoalawoffice.com
ARDC No. 6194334